# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**EQUIFIRST CORPORATION,**                                              **PLAINTIFF,**

**VS.**                                              **CIVIL ACTION NO. 4:05CV163-P-B**

**HELEN SANDERS,**                                              **DEFENDANT.**

## FINAL JUDGMENT

This matter comes before the court upon Equifirst Corporations' Motion to Compel Arbitration [7-1]. After due consideration of the motion and the responses filed thereto, the court finds as follows, to-wit:

The defendant, Helen Sanders, entered into a mortgage loan with Equifirst on July 3, 2002. In connection with this loan Sanders executed an Arbitration Rider which provides in pertinent part that "Any claim, dispute or controversy (whether in contract, tort, or otherwise) arising from or related to the loan evidenced by the Note ... shall be resolved, upon the election of either Borrower or Lender, by binding arbitration, and not by court action ...."

Sanders filed an action against Equifirst and others on July 1, 2005 in the County Court of Leflore County, Mississippi. In that suit, Sanders' primary claim is that she was fraudulently induced to enter the mortgage loan because the amount she borrowed "exceeded the true value of the propert[y] Plaintiff[] purchased," that she was "charged exorbitant fees and expenses," and that certain fees and expenses she was charged were not actually "incurred."

Meanwhile, on July 14, 2005 Equifirst filed the instant Petition to Compel Arbitration of Sanders' claims in her suit against Equifirst.

On December 14, 2005 Equifirst removed Sanders' action to this court based on bankruptcy

1

jurisdiction. The parties ultimately agreed to refer Sanders' action to the U.S. Bankruptcy Court as a "core proceeding."

Equifirst now moves to compel Sanders' claims to arbitration, even though those claims were referred to the Bankruptcy Court. Furthermore, as of this date, the referred case is still pending in the Bankruptcy Court, Cause Number 06-1130. Sanders' response in opposition argues that Equifirst is bound by the doctrine of judicial estoppel to have Sanders' claims decided by the Bankruptcy court rather than by arbitration.

The doctrine of judicial estoppel is "a common law doctrine by which a party who has assumed one position in his pleadings may be estopped from assuming an inconsistent position." *Brandon v. Interfirst Corp.*, 858 F.2d 266, 268 (5th Cir. 1988).

The court concludes that application of the doctrine of judicial estoppel is appropriate in ths case. It is only proper that since Equifirst set out to have the underlying case involving Sanders' claims referred to the Bankruptcy Court – even though Equifirst had filed a separate Petition to Compel Arbitration – the Bankruptcy Court should be allowed to proceed with the referral.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) Equifirst Corporations' Motion to Compel Arbitration [7-1] is **DENIED**; therefore,

(2) Equifirst Corporation's Petition to Compel Arbitration is **DISMISSED WITH PREJUDICE**; and

(3) This case is **CLOSED**.

**SO ORDERED** this the 22nd day of September, A.D., 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE